UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

— against —

PATRICK DESROSIER et al.,

Defendants.

S1 08 Cr. 0147 (VM)

**ORDER**

**VICTOR MARRERO**, United States District Judge.

The Government (see attached letter) requests that time be excluded from Speedy Trial Act calculations from April 14, 2008 until the next scheduled conference on May 2, 2008. Defense counsel has not objected to this request.

It is hereby ordered that the adjourned time shall be excluded from speedy trial calculations. This exclusion is designed to guarantee effectiveness of counsel and prevent any possible miscarriage of justice. The value of this exclusion outweighs the best interests of the defendants and the public to a speedy trial. This order of exclusion of time is made pursuant to 18 U.S.C. §§ 3161(h)(8)(B)(ii) & (iv).

**SO ORDERED:**

Dated: New York, New York
       15 April 2008

_____
Victor Marrero
U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-15-08



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 14, 2008

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

> Re:  **United States v. Desrosier et al.,**
>      **S1 08 Cr. 147 (VM)**

Dear Judge Marrero:

    This matter was assigned to Your Honor on February 21, 2008 and an initial conference was held before Your Honor on February 29, 2008.  On April 11, 2008, Superseding Indictment S1 08 Cr. 147 (VM) was returned, which added two defendants to the prior charging instrument, namely, Victor Moran and Goodie Samuels.  The Government is in the process of producing discovery to these two defendants.  A subsequent pretrial conference has been scheduled before Your Honor for May 2, 2008.

    Enclosed also please find a copy of the Superseding Indictment.  Further, the Government respectfully requests that the Court exclude time from today until May 2, 2008, pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(8)(A).  The ends of justice served by such continuance outweigh the interest of the public and the defendant in a speedy trial because the continuance will allow the Government to produce discovery to the additional defendants and to continue discussions regarding a possible disposition of this case.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By:  *[signature]*

Benjamin A. Naftalis
Assistant United States Attorney
(212) 637-2456

Encl.
cc:  Defense counsel (w/o encls.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :    INDICTMENT

        -v.-                        :    S1 08 Cr. 147 (VM)

PATRICK DESROSIER,                 :
ABNER ALSAINT,
    a/k/a "Bug,"                   :
YVROSE ARCHER,
    a/k/a "Rosie,"                 :
NOEL BUTLER,
    a/k/a "Mario,"                 :
COREY HILL,
    a/k/a "Ree,"                   :
DALE TURNER,
    a/k/a "Black,"                 :
GOODIE IMANI SAMUELS, and
VICTOR MORAN,                      :

              Defendants.   :

- - - - - - - - - - - - - - - - -x

COUNT ONE
(Crack Conspiracy)

The Grand Jury Charges:

1.   From at least in or about February 2006, up to and including on or about December 12, 2007, in the Southern District of New York and elsewhere, PATRICK DESROSIERS, ABNER ALSAINT, a/k/a "Bug," YVROSE ARCHER, a/k/a "Rosie," NOEL BUTLER, a/k/a "Mario," COREY HILL, a/k/a "Ree," DALE TURNER, a/k/a "Black," GOODIE IMANI SAMUELS, and VICTOR MORAN, the defendants, and others known and unknown, unlawfully, intentionally and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that PATRICK DESROSIERS, ABNER ALSAINT, a/k/a "Bug," YVROSE ARCHER, a/k/a "Rosie," NOEL BUTLER, a/k/a "Mario," COREY HILL, a/k/a "Ree," DALE TURNER, a/k/a "Black," GOODIE IMANI SAMUELS, and VICTOR MORAN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

### COUNT TWO
(Cocaine Conspiracy)

The Grand Jury further charges:

3. From at least in or about February 2006, up to and including on or about December 12, 2007, in the Southern District of New York and elsewhere, PATRICK DESROSIERS, ABNER ALSAINT, a/k/a "Bug," and VICTOR MORAN, the defendants, and others known and unknown, unlawfully, intentionally and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

4. It was a part and an object of the conspiracy that PATRICK DESROSIERS, ABNER ALSAINT, a/k/a "Bug," a/k/a "Rosie," and VICTOR MORAN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a

controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION

5. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, PATRICK DESROSIERS, ABNER ALSAINT, a/k/a "Bug," YVROSE ARCHER, a/k/a "Rosie," NOEL BUTLER, a/k/a "Mario," COREY HILL, a/k/a "Ree," DALE TURNER, a/k/a "Black," GOODIE IMANI SAMUELS, and VICTOR MORAN, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts One and Two of this Indictment.

### Substitute Asset Provision

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants --

    (1) cannot be located upon the exercise of due diligence;

3

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____  _____
FOREPERSON                    MICHAEL J. GARCIA
                              United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

PATRICK DESROSIER,
ABNER ALSAINT, a/k/a "Bug,"
YVROSE ARCHER, a/k/a "Rosie,"
NOEL BUTLER, a/k/a "Mario,"
COREY HILL, a/k/a "Ree,"
DALE TURNER, a/k/a "Black,"
GOODIE IMANI SAMUELS and
VICTOR MORAN

Defendants.

INDICTMENT

S1 08 Cr. 147 (VM)

(Title 21, United States Code,
Sections 846 and 963.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.